ARSHAK BARTOUMIAN (SBN 210370)
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

Attorney for Plaintiff

FILED
2012 MAY 17 PM 3:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHITTIN TIRABAEDYA, an individual,

   Plaintiff,

vs.

CAPITAL ONE NATIONAL ASSOCIATION, A District of Colombia Corporation
CHASE BANK USA, A New York Corporation
GE CAPITAL RETAIL BANK a/k/a GE CAPITAL FINANCIAL, INC An Utah Corporation

   **Defendants**.

CASE No.: CV12-4185-MMM (MRWx)

**VERIFIED COMPLAINT FOR DAMAGES FOR:**

1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;
2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;

**DEMAND FOR JURY TRIAL**

Plaintiff CHITTIN TIRABAEDYA (hereinafter "Plaintiff") through his attorney on record Arshak Bartoumian and brings this Complaint against CAPITAL ONE NATIONAL ASSOCIATION (hereinafter "CAPITAL"), CHASE BANK USA (hereinafter "CHASE") and GE CAPITAL RETAIL BANK a/k/a GE CAPITAL FINANCIAL, INC (hereinafter "GE"), collectively referred to as DEFENDANTS for violations of Federal and State consumer protection laws, specifically the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. Congress enacted the FCRA to establish consumer rights to privacy over their

COMPLAINT FOR DAMAGES- 1

credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

3. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

4. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

5. CCRAA provides consumers with the right to be informed of negative credit

COMPLAINT FOR DAMAGES- 2

reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

6. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

8. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

9. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF REMEDY

10. 15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability

action against users/furnishers of information for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

11.  *Gorman v. MBNA America Bank, N.A., No. 06-17226* further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b). Defendant's furnisher's liability under this section is triggered since Plaintiff made her initial disputes with the Credit Reporting Agencies.

12.  California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

13.  California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## III. THE PARTIES

14.  Plaintiff Chittin Tirabaedya is a natural person, an individual residing in Los Angeles County, State of California.

15.  Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

16.  Defendant "CAPITAL" is a District of Colombia Corporation.

17.  Defendant "CHASE" is a New York Corporation.

18.  Defendant "GE" is a Utah Corporation.

19.  Defendants regularly conduct business in the State of California.

20.  Defendants are "furnishers of information," as referenced in 15 U.S.C. §1681s-2.

21.  Defendants are persons as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

22.  Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable

COMPLAINT FOR DAMAGES- 4

to Plaintiff, as set forth below and herein:
   a. Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;
   b. Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;
   c. Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;
   d. Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;
   e. Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;
   f. Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

23. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by named Defendants were expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

24. Plaintiff who is not a minor alleges that the following events and actions taken by Defendants occurred within the past one year.

25. In or around February, 2011 Plaintiff conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Transunion, (collectively "CRAs") and discovered an inaccuracy in his credit files with respect to the accounts

COMPLAINT FOR DAMAGES- 5

517805264867… reported by "CAPITAL", 410414002207… reported by "CHASE" and 706159106898… reported by "GE"," (collectively referred to as "ACCOUNTS") which Plaintiff did not recognize.

26. On or about February, 2011 Plaintiff contacted the CRAs with dispute of the unknown accounts reported by Defendants, per FCRA [15 U.S.C. §1681s-2(b)].

27. On or about February 07, 2011 after CRAs verified the accounts to be accurate and belonging to him, Plaintiff sent written disputes of the accounts to Defendants directly, requesting verification of ownership and accuracy as reported with the CRAs.

28. Defendants failed to properly investigate the accounts and provide adequate response to Plaintiff's disputes. In the interim, upon receipt of Plaintiff's disputes and during the verifications period, Defendants continued to report the disputed accounts to the CRAs, without notice of Plaintiff's disputes.

29. Although Defendants failed to properly respond to Plaintiff's disputes with the requested verifications, within days of Plaintiff's credit bureau disputes, the CRAs claimed to have received verification of accuracy from Defendants concerning the disputed accounts.

30. On or about March 2, 2011 Plaintiff sent follow up requests to Defendants addressing their lack of proper responses and verifications to Plaintiff or alternatively, the deletion of the unverified accounts from Plaintiff's credit files.

31. Defendants again failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in disputes and failed to take corrective actions.

32. On or about November 30, 2011 Plaintiff sent Defendants notices of their violations with respect to the reporting of the unverified accounts. Plaintiff's communication was sent in an effort to get Defendants' cooperation and resolve the situation amicably.

33. To date, after multiple correspondences, Defendants still continues to maintain the unverified accounts information on Plaintiff's credit records.

34. As a result of Defendants' conducts, Plaintiff has suffered:

a. Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

b. Out of pocket expenses associated with communicating with Defendant, disputing the credit information, as well as consultation fees paid to attorneys and other professionals to obtain information and advice about consumer rights and furnisher obligations in credit reporting;

c. Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## COUNT I
### Violations of FCRA

35. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

36. Defendants knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following act performed:

    a. Failing to provide accurate information to the CRAs, per 15 U.S.C. §1681s-2 (a);

    b. Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing a negative credit item to the CRAs, per 15 U.S.C. §1681s-2 (a)(7)(A);

    c. Failing to honor their obligations to investigate a dispute concerning the accuracy of information contained in consumer report, upon the consumers express request, per 15 U.S.C. §1681s-2 (a)(8)(A).

    d. Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's disputes, as described in 15 U.S.C. §1681s-2 (a)(8)(E) and 15 U.S.C. §1681s-2 (b);

e. Failing to cease credit reporting on a disputed accounts upon receipt of consumer disputes and during the investigation periods and failing to provide notices of Plaintiff's disputes to CRAs along with their reporting of the accounts in disputes, per 15 U.S.C. §1681s-2 (a)(3);

f. Failing to delete or permanently block the reporting of the items of information (the accounts) disputed by Plaintiff, which were not and/or could not be verified after the reinvestigations, per 15 U.S.C. §1681s-2 (b)(1)(E);

g. Failing to take proper actions of verification, corrections, deletions, or permanent blocks of the information disputed by Plaintiff by the deadlines, as described in 15 U.S.C. §1681s-2 (b)(2).

## COUNT II
## Violations of CCRAA

37. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

38. Defendants knowingly and willfully violated CCRAA. Defendants' violations include, but are not limited to the following act performed:

a. Submitting negative credit information, as that described in California Civil Code §1785.26(a)(2), to Plaintiff's credit report with the CRAs, without notifying the Plaintiff, per California Civil Code §1785.26(b);

b. Failing to conduct proper investigation and review of all relevant information with respect to Plaintiff's disputes, per California Civil Code §1785.25(f);

c. Continuing to report the disputed information to the CRAs, upon receipt of Plaintiff's disputes and during the investigations period, without notices that the accounts have been disputed by Plaintiff, per California Civil Code §1785.25(c);

## V. PRAYER FOR RELIEF

39. Plaintiff contends that the Defendants' actions constituted willful violations of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

40. WHEREFORE, Plaintiff requests judgment to be entered in her favor and against the Defendants for:

    a) Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

    b) Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

    c) Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

    d) Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

    e) Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to delete the reporting of the unverified accounts;

    f) Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

    g) Any other relief as this Honorable Court deems appropriate.

DATED: ~~March~~ April 20, 2012

Respectfully submitted,

By: _____
Arshak Bartoumian, Attorney for Plaintiff

COMPLAINT FOR DAMAGES- 9

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, CHITTIN TIRABAEDYA, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, CHITTIN TIRABAEDYA hereby declare (or certify, verify or state) under penalty that the foregoing is true and correct.

Date: ~~March~~ April 20, 2012

                                                    _____
                                                    CHITTIN TIRABAEDYA, Plaintiff

COMPLAINT FOR DAMAGES- 10

I, CHITTIN TIRABAEDYA have suffered from the following due to, or made worse by, the actions of the Defendants' credit reporting and debt collection activities:

1. Sleeplessness — ~~YES~~ NO
2. Fear of answering the telephone — ~~YES~~ NO
3. Nervousness — ~~YES~~ NO
4. Fear of answering the door — ~~YES~~ NO
5. Embarrassment when speaking with family or friends — ~~YES~~ NO
6. Depressions (sad, anxious, or "empty" moods) — ~~YES~~ NO
7. Chest pains — YES ~~NO~~
8. Feelings of hopelessness, pessimism — YES ~~NO~~
9. Feelings of guilt, worthlessness, helplessness — ~~YES~~ NO
10. Appetite and/or weight loss or overeating and weight gain — YES ~~NO~~
11. Thoughts of death, suicide or suicide attempts — YES ~~NO~~
12. Restlessness or irritability — ~~YES~~ NO
13. Headache, nausea, chronic pain or fatigue — ~~YES~~ NO
14. Negative impact on my job — ~~YES~~ NO
15. Negative impact on my relationships — ~~YES~~ NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

_____
_____
_____
_____

Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: ~~March~~ April 20, 2012

_Signature_
Signed Name

CHITTIN TIRABAEDYA
Printed Name